T.C. Memo. 1998-69

UNITED STATES TAX COURT

FATAI and MARY KING, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8025-96.                    Filed February 19, 1998.

Fatai King, pro se.

<u>Carol-Lynn E. Moran</u>, for respondent.


MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  In the notice of deficiency relating to Fatai and Mary King's 1992 Federal income tax, respondent determined a deficiency of $11,945 and an accuracy-related penalty of $2,389. The Kings, who resided in Wyndmoor, Pennsylvania, when they filed their petition, dispute certain adjustments that respondent made

to their Schedule C business income. Petitioners have the burden of proving that such adjustments are erroneous. <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). All section references are to Internal Revenue Code in effect for 1992, and all Rule references are to the Tax Court Rules of Practice and Procedure. During 1992, petitioners owned and operated three newsstands. On Schedule C of their 1992 Federal income tax return, petitioners reported cost of goods sold of $403,350 and gross receipts of $445,000. During the audit, petitioners attempted to substantiate these items with altered and incomplete records. Because the records were patently unreliable, respondent used a combination of methods (i.e., percentage markup, unit and volume, and specific items methods of proof) to reconstruct petitioners' income. We conclude that respondent's methods were reasonable.

On Schedule C of their return, petitioners reported $40,250 of expenses, of which respondent disallowed the following: $3,500 in bad debts, $8,500 for repairs and maintenance, $3,600 for meals and entertainment, $9,000 for utilities, and $8,500 for wages. With respect to wages, petitioners established that they paid $180 per week for 40 weeks in 1992. Therefore, they are entitled to a deduction of $7,200. Petitioners failed to offer any evidence that supports, or any reasonable evidentiary basis for the Court to estimate, any of the remaining expenses.

Respondent determined an accuracy-related penalty pursuant to section 6662. The accuracy-related penalty applies to any

portion of the underpayment that is attributable to negligence or disregard for rules or regulations.  Sec. 6662(b).  Petitioners failed to exercise due care in reporting their income and expenses.  In addition, petitioners submitted altered documents to the IRS and to the Court.  Accordingly, they are liable for the accuracy-related penalty.

To reflect the foregoing and concessions by respondent,

<u>Decision will be entered</u>

<u>under Rule 155</u>.