T.C. Memo. 2000-124

UNITED STATES TAX COURT

FATAI O. AND MARY T. KING, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4373-99.                    Filed April 10, 2000.

Fatai O. King, pro se.

<u>John R. Gilbert</u> and <u>Paul J. Sude</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  By notice of deficiency dated December 7, 1998, respondent determined a $12,736 deficiency and a $2,547 section 6662(a) accuracy-related penalty relating to Fatai and Mary King's 1995 Federal income tax.  In an amendment to the answer, respondent asserted a section 6663(a) fraud penalty.  All

section references are to the Internal Revenue Code in effect for 1995.

The Kings, who resided in Wyndmoor, Pennsylvania, when they filed their petition, owned and operated a newsstand business. After concessions, the remaining issues are whether petitioners are entitled to a $12,554 section 179, and a $1,845 depreciation, deduction relating to newsstand construction. In support of these deductions, petitioners presented the Internal Revenue Service and the Court with canceled checks and an affidavit purportedly from Leroy Lee, who, petitioners contended, did the newsstand construction. The checks had been altered, and the affidavit was false, handwritten by Mr. King, and signed "Lee Leroy" rather than "Leroy Lee".

When respondent mistakenly went to Mr. King's business address to serve a subpoena to Mr. Lee, Mr. King posed as Mr. Lee and accepted service of the subpoena. In response to Mr. Lee's testimony that he had worked only on petitioners' home and did not give Mr. King an affidavit, Mr. King testified that "Lee Leroy" rather than "Leroy Lee" had worked on the newsstands, and that Mr. Leroy "wasn't coming" to testify. Mr. King knowingly submitted false and altered documents. In addition, his testimony was deliberately misleading, evasive, and untruthful.

Petitioners are not entitled to the claimed deductions. In addition, Mr. King intentionally underreported taxable income and

attempted to conceal, mislead, and prevent the collection of taxes. See <u>Rowlee v. Commissioner</u>, 80 T.C. 1111, 1123 (1983). Accordingly, Mr. King is liable, pursuant to section 6663, for the fraud penalty, but, pursuant to section 6662(b), petitioners are not liable for an accuracy-related penalty.

Respondent moved for a penalty pursuant to section 6673, which provides that the Court may impose a penalty not in excess of $25,000. Petitioners' position is manifestly frivolous and groundless, see sec. 6673(a)(1)(B), and they have wasted the resources of this Court. We also note that this was the second trial at which petitioners submitted altered documents to this Court. See <u>King v. Commissioner</u>, T.C. Memo. 1998-69, affd. without published opinion 182 F.3d 903 (3d Cir. 1999). Accordingly, the Court will impose a $5,000 penalty.

Contentions not addressed are moot, irrelevant, or meritless.

To reflect the foregoing,

<u>An appropriate order will</u>
<u>be issued, and decision will</u>
<u>be entered under Rule 155.</u>